UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 01-6157-CR FERGUSON
18 U.S.C. § 2422 (b)
18 U.S.C. § 2252A (a) (1)
18 U.S.C. § 2252A (a) (2) (A)
18 U.S.C. § 2252A (a) (5) (B)

UNITED STATES OF AMERICA,

Plaintiff,

vs.

KELLY JONES,

Defendant.
_____/

## MOTION TO SUPPRESS EVIDENCE OBTAINED THROUGH WIRE OR ORAL COMMUNICATIONS

**COMES NOW**, the defendant, **KELLY JONES**, by and through his undersigned counsel, requests that this Honorable Court suppress any evidence, including photographic, derived from communications with law enforcement officers on the computer, over the telephone and in person for the following reasons:

1. The defendant, Kelly Jones, met an undercover officer in a public chat room on America Online.

2. The undercover officer began more private communications with Mr. Jones through internet messaging, e-mail and private telephone conversations.

3. The telephone conversations and private interview, as well as, the instant messaging communications should be suppressed for First Amendment reasons under the defendant's rights to privacy, *US v Baker*, 890 FSupp 1375 (E.D. Michigan 1995). In Baker, the Court quashed the indictment charging him with transmitting interstate commerce threatening to injure another.

4. The communications described in paragraph 3 should also be suppressed due to the violation of Fourth Amendment rights which are more difficult to perceive on the internet or computer super highway than they would be in a typical DUI road stop. The vehicle road block analysis which balances state interests versus the individuals privacy, *Edmond v Goldsmith* 183 F3d 659 (7th Cir 1999) cert granted S Ct 1156 (2000).

5. The government has failed to provide an interception order for this Court to analyze whether Kelly Jones, an individual, never before charged with a sex crime against a minor, was predisposed to commit a federal crime which would give the government probable cause to support a warrant.

6. The government in this case had the defendant, Mr. Jones, under surveillance and was so technologically connected to Mr. Jones as to be notified whenever he was on the computer. Information gathered in this tainted fashion should not be admissible as evidence at trial.

**WHEREFORE**, defendant respectfully requests that this Honorable Court suppress the instant messages, e-mail, telephone conversations and post arrest interview which the defendant had with law enforcement.

**DAVID T. SEIF, ESQ.**
Galleria Professional Building
915 Middle River Drive
Suite 420
Fort Lauderdale, FL 33304
Telephone: (954) 564-0811
Fax: (954) 564-0822
By: _____
DAVID T. SEIF
Bar number: 990655

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished by US Mail this 1st day of August, 2001, to Assistant United States Attorney, Kathleen Rice, at 500 E. Broward Blvd., Seventh Floor, Fort Lauderdale, FL 33301 and hand delivered to the Clerk of Court, at the United States District Courthouse, 299 E. Broward Blvd., Fort Lauderdale, FL 33301.

By: _____
DAVID T. SEIF